MARY G. ISAAC *v.* TRUCK SERVICE, INC., ET AL.
(AC 17072)

Lavery, Schaller and Spear, Js

Argued December 7, 1998—officially released April 6, 1999

*John T. Scully*, for the appellant (plaintiff).

*James V. Somers*, with whom on the brief, was *Kathleen A. St. Onge*, for the appellees (defendants).

*Opinion*

LAVERY, J. The plaintiff, Mary G. Isaac, appeals from the judgment of the trial court, rendered after a jury verdict, in favor of the defendants, Truck Service, Inc. (Truck Service), and Mary Ann West. On appeal, the plaintiff claims that the trial court abused its discretion by (1) permitting the defendants to amend their answer to the complaint during closing argument, (2) failing to read or otherwise inform the jury of all of the allegations of negligence contained in the plaintiff's complaint, (3) failing to read or otherwise inform the jury of the allegations of negligence contained in the defendants' special defense concerning comparative negligence and (4) improperly charging the jury concerning the plaintiff's duty to mitigate damages. The defendants claim, as an alternative ground for affirming the judgment, that the

plaintiff's action against them was barred by the doctrine of res judicata. We reverse the judgment of the trial court.

The following facts are relevant to this appeal. By summons and complaint dated September 28, 1993, the plaintiff commenced an action against the defendants alleging that she had sustained personal injuries as the result of a motor vehicle accident that occurred on Interstate 91 in Windsor on February 25, 1992. The complaint alleges that West, an employee of Truck Service, was operating a truck owned by Truck Service that swerved into the lane of traffic in which the plaintiff was traveling, striking the plaintiff's vehicle and causing her personal injuries. The complaint also alleges that the accident was due to the carelessness and negligence of West in that she operated the truck in breach of one or more common law or statutory duties of care she owed the plaintiff.

In response to the complaint, the defendants left the plaintiff to her proof that she was involved in a motor vehicle accident as alleged in paragraph one,[1] admitted that West was operating the truck involved in the accident as an agent for and with the consent of Truck Service as alleged in paragraph two[2] and denied that the accident and the plaintiff's alleged injuries were due to West's breach of any duty of care owed to the plaintiff. The defendants alleged two special defenses:

[1] Paragraph one of the complaint alleges: "On February 25, 1992, at approximately 7 p.m. a truck owned by the defendant, Truck Service, Inc. and operated by the defendant, Mary Ann West, which was traveling south in the left lane on I-91 in Windsor, Connecticut, proceeded to swerve into the right lane and strike an automobile owned and operated by the plaintiff, Mary G. Isaac."

[2] Paragraph two of the complaint alleges: "At all times herein mentioned, the defendant Mary Ann West was operating the truck involved in this accident as the agent, servant or employee of the defendant, Truck Service, Inc., and was operating the truck with the permission and consent of said defendant."

The first alleged that the plaintiff's claim was barred by the doctrine of res judicata because the plaintiff had previously obtained a judgment against the defendants;[3] the second alleged that the accident was due to the plaintiff's comparative negligence based on her breach of one or more common law duties of care. The plaintiff denied both special defenses.

In November, 1996, a jury rendered a verdict for the defendants. The plaintiff moved to set aside the verdict, and the trial court denied the motion. This appeal followed. Additional facts will be recited as necessary.

I

The plaintiff's first claim is that the trial court abused its discretion by permitting the defendants to amend their answer to paragraph two of the complaint during closing arguments.[4] We agree.

"Whether to grant a request to amend the pleadings is a matter within the discretion of the trial court, and this court will rarely overturn the decision of the trial court. . . . Judicial discretion . . . is always legal discretion, exercised according to the recognized principles of equity. . . . While its exercise will not ordinarily be interfered with on appeal to this court, reversal is required where the abuse is manifest or where injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) *Bauer* v.

[3] The defendants' first special defense is predicated on a property damage judgment obtained in small claims court by the plaintiff in October, 1992. In 1994, the defendants moved for summary judgment on the basis of this special defense, which was denied by the trial court, *Hammer, J.* At the conclusion of evidence at trial, the defendants moved for a directed verdict also on the basis of this special defense, which was denied by the trial court, *Rittenband, J.*

[4] The defendants' amended answer to paragraph two states: "As to the allegations contained in paragraph 2, the defendants deny that Mary Ann West was operating the truck which was involved in the subject accident. The remaining allegations contained in said paragraph 2 are admitted."

*Waste Management of Connecticut,* 239 Conn. 515, 521, 686 A.2d 481 (1996).

" 'Under the statutes and rules of practice, the court may in its discretion, in a proper case, allow the filing of amendments to pleadings before, during and after trial.' [*Wright* v. *Coe & Anderson, Inc.,* 156 Conn. 145, 155, 239 A.2d 493 (1968)]; see *Moore* v. *Sergi,* 38 Conn. App. 829, 835–37, 664 A.2d 795 (1995). 'Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment.' . . . *Connecticut National Bank* v. *Voog,* 233 Conn. 352, 364, 659 A.2d 172 (1995)." *Constantine* v. *Schneider,* 49 Conn. App. 378, 389, 715 A.2d 772 (1998). "The essential tests are whether the ruling of the court will work an injustice to either [party] and whether the granting of the motion will unduly delay a trial. *Moore* v. *Sergi,* supra, 836, quoting *Smith* v. *New Haven,* 144 Conn. 126, 132, 127 A.2d 829 (1956)." (Internal quotation marks omitted.) *Constantine* v. *Schneider,* supra, 390.

In this case, the defendants admitted in their response to paragraph two of the plaintiff's complaint that West was driving the truck involved in the accident with the plaintiff. As a result of the defendants' admission that West was operating the truck, the plaintiff conducted no discovery other than filing standard court-approved interrogatories and requests for production.[5] In answer to one interrogatory, the defendants responded that West, her husband Norris West and the plaintiff were the "persons . . . who were present at the time of the incident alleged in the complaint or who observed or witnessed all or part of the incident." Notably, the plaintiff did not depose West and attended the deposition of the plaintiff's passenger, Jennie Kendrick, unaware

[5] See Practice Book § 13-6 (b).

that the defendants would amend their answer to paragraph two of the complaint. Furthermore, the plaintiff's trial strategy was predicated on the defendants' having admitted that West was operating the truck involved in the accident because the answer constituted a judicial admission. Specifically, the plaintiff did not offer other evidence to prove who was driving the truck.[6]

At trial, during the defendants' case, West testified that she did not have any specific recollection of the accident and that her recollection was based on what she had been told about the accident. Evidence concluded on a Friday. On the following Monday, the trial court heard argument on the defendants' motion for a directed verdict based on the special defense of res judicata and held a charging conference. The next day, during the plaintiff's closing argument, the defendants moved to amend their answer to conform to West's testimony at trial. The trial court granted the motion, stating that the admission was an oversight on the part of the defendants. Finally, after the jury was dismissed, the trial court met with the jurors and later reported to both counsel that at least one juror informed the court that he had concluded that the plaintiff failed to prove that West was operating the truck involved in the accident.

"An admission in a defendant's answer to an allegation in a complaint is binding as a judicial admission. *Franchi* v. *Farmholme, Inc.*, 191 Conn. 201, 214, 464 A.2d 35 (1983); *Lutkus* v. *Kelly*, 170 Conn. 252, 257, 365 A.2d 816 (1976); *Bridgeport* v. *Stratford*, 142 Conn. 634, 646, 116 A.2d 508 (1955)." *United Electrical Contractors, Inc.* v. *Progress Builders, Inc.*, 26 Conn. App. 749, 753, 603 A.2d 1190 (1992). " 'The admission of the truth of an allegation in a pleading is a judicial admission

---

[6] The plaintiff also read Kendrick's deposition into evidence rather than calling her as a witness.

conclusive on the pleader.' *Rodearmel* v. *Rodearmel*, 173 Conn. 273, 275, 377 A.2d 260 (1977); see also *West Haven Sound Development Corp.* v. *West Haven*, 201 Conn. 305, 312, 514 A.2d 734 (1986); *Argentinis* v. *Gould*, 23 Conn. App. 9, 18, 579 A.2d 1078 (1990), rev'd in part on other grounds, 219 Conn. 151, 592 A.2d 378 (1991)." *Cross* v. *Hudon*, 42 Conn. App. 59, 65, 677 A.2d 1385, cert. denied, 239 Conn. 932, 683 A.2d 400 (1996). "A judicial admission dispenses with the production of evidence by the opposing party as to the fact admitted, and is conclusive upon the party making it." *Drew* v. *K-Mart Corp.*, 37 Conn. App. 239, 250, 655 A.2d 806 (1995). "Upon the amendment of the original answer, the superseded pleading ceases to be a conclusive judicial admission and becomes nothing more than an evidentiary admission to be weighed and considered by the trial court along with the rest of the evidence." *Crowell* v. *Danforth*, 222 Conn. 150, 155, 609 A.2d 654 (1992).

In view of the facts of this case, we conclude that the trial court's granting of the defendants' motion to amend their answer to paragraph two of the complaint worked an injustice on the plaintiff. Paragraph two clearly alleges that "West was operating the truck involved in this accident," and the defendants admitted that allegation in their answer filed in November, 1993, three years prior to the trial of this matter. According to our case law, the defendants' answer constituted a judicial admission and the plaintiff was entitled to rely on that admission and not produce evidence at trial as to the driver of the truck involved in the accident. The trial court's granting of the defendants' motion to amend after the plaintiff had completed part of her closing argument was unfair and an abuse of discretion.

Furthermore, the defendants' motion to amend was the product of their own negligence. Through their

investigation of the subject accident and counsel's conversations with West in preparation for trial, the defendants should have known the substance of West's trial testimony well before she gave it.

The defendants also argue that the plaintiff should have moved to open evidence or for a continuance and that her failure to do so did not preserve her claim for appellate review. We disagree. The plaintiff was not required to move for a continuance. See *Smith* v. *New Haven*, supra, 144 Conn. 133. The defendants' argument fails because reopening the evidence and obtaining a continuance would have unreasonably delayed the trial. Given the facts of this case, the plaintiff would have been entitled to take the deposition of West, call the out-of-state witness and conduct any other discovery necessary to prove who was driving the subject truck. The jury would have had to be excused until discovery could be completed. Such undertakings would undermine judicial economy, where, as here, the defendants waited until the middle of closing arguments to amend their pleadings.

In support of their claim, the defendants cite *Moore* v. *Sergi*, supra, 38 Conn. App. 829, and *Smith* v. *New Haven*, supra, 144 Conn. 126, for the proposition that a party should be permitted to amend its pleadings to conform to the proof offered at trial. Those cases are distinguishable because the opposing parties were not prejudiced by the amendment of the counterclaim in *Moore* and the complaint in *Smith* to conform those pleadings to the proof offered at trial. In *Moore,* the court specifically concluded that because both the amendment and the original claims arose from a single group of facts and the amendment did not inject into the case anything foreign to the issues in the original claims that required proof of facts the opposing party could not meet through the normal course of trial, the amendment had not prejudiced the opposing party. See

*Moore* v. *Sergi*, supra, 38 Conn. App. 836–37. Here, the amended answer did inject a new element into the case that required proof of facts that could not be met through the normal course of trial when the plaintiff reasonably believed that she did not need to prove that West was driving the truck because the defendants had admitted that fact. The plaintiff in this case was, therefore, misled and prejudiced by the amendment.

Finally, the defendants' amended answer caused actual prejudice to the plaintiff. As the trial court informed counsel for the parties during a posttrial conference, at least one juror concluded that the plaintiff had not proved that West was driving the truck. The defendants argue that a juror's statement may not be used to impeach a verdict pursuant to *Josephson* v. *Meyers*, 180 Conn. 302, 310–11, 429 A.2d 877 (1980). Although that proposition is correct, *Josephson* is not applicable to the present case. The plaintiff here is not attempting to impeach the verdict, but rather to demonstrate the prejudicial effect of the trial court's abuse of discretion in granting an untimely motion to amend the defendants' answer to the complaint.

We conclude, therefore, that the trial court abused its discretion in granting the defendants' motion to amend their answer after the plaintiff had begun her final argument.

Because this issue is dispositive of the plaintiff's appeal, we need not reach her claims concerning the trial court's improper jury charge. We must, however, resolve the defendant's claim that the judgment may be affirmed on other grounds.

## II

The defendants claim that the judgment should be affirmed because the plaintiff's claim is barred by the doctrine of res judicata. We disagree.

The following additional facts are necessary to our resolution of the defendants' claim. After the accident occurred, the plaintiff immediately notified the Connecticut state police. She notified Truck Service of the accident the next day. On March 2, 1992, Truck Service had the property damage to the plaintiff's vehicle appraised at $1422.58. After her attempts to resolve her claim with Truck Service failed, the plaintiff initiated a small claims action against Truck Service in July, 1992. The plaintiff was able to reach a settlement agreement with Truck Service's liability insurance carrier in September, 1992. The insurance carrier issued settlement checks to the plaintiff but stopped payment on the drafts soon thereafter. The plaintiff, therefore, proceeded to a hearing in damages in small claims court and was awarded a judgment of $1422.58 plus costs.[7]

At the time she instituted her small claims action against the defendants, the plaintiff had not yet seen a physician for the injuries she alleges that she had sustained in the accident. Although she was experiencing back and neck pain, the plaintiff treated herself with over-the-counter pain relievers. On April 23, 1993, the plaintiff sought treatment from an orthopedic surgeon when the over-the-counter remedies ceased providing relief. The physician advised the plaintiff that she had underlying orthopedic conditions that were, in his opinion, made substantially and materially worse by the accident. The plaintiff commenced the present action against West and Truck Service in September, 1993, seeking damages for the personal injuries she had sustained. The defendants filed a special defense alleging that the plaintiff's claim was barred by the doctrine of res judicata.[8]

"[T]he doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent

---

[7] Truck Service did not file an answer to the small claims complaint and appeared only for the hearing in damages.

[8] See footnote 3.

action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Citations omitted; internal quotation marks omitted.) *Tirozzi* v. *Shelby Ins. Co.*, 50 Conn. App. 680, 685, 719 A.2d 62, cert. denied, 247 Conn. 945, 723 A.2d 323 (1998). "[A] judgment on default is a judgment on the merits of the controversy." (Internal quotation marks omitted.) *Segretario* v. *Stewart-Warner Corp.*, 9 Conn. App. 355, 359, 519 A.2d 76 (1986).

"The judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest. The doctrines of preclusion, however, should be flexible and must give way when their mechanical application would frustrate other social policies based on values equally or more important than the convenience afforded by finality in legal controversies." (Citations omitted; internal quotation marks omitted.) *In re Brianna F.*, 50 Conn. App. 805, 813, 719 A.2d 478 (1998). "[W]hether res judicata is a defense depends on the facts peculiar to the case." *Orselet* v. *DeMatteo*, 206 Conn. 542, 548, 539 A.2d 95 (1988).

We, therefore, must examine the facts of this case to determine whether there is any public policy that bars the application of the doctrine of res judicata to the plaintiff's claim for personal injuries. We first note that the plaintiff attempted to settle her property damage claim with the defendants' liability insurer. When she was not able to settle her claim, she filed a small

claims action against Truck Service, seeking damages in the amount of her loss as assessed by the defendants' insurance adjuster. Prior to a hearing in the small claims action, the defendants' liability insurer agreed to settle the small claims action, issued settlement checks to the plaintiff and thereafter stopped payment on those checks. The plaintiff then proceeded to obtain a default judgment against Truck Service for her property damage. Furthermore, although she was experiencing neck and back discomfort at the time she brought her small claims action, the plaintiff had not seen a physician. When she did see a physician, the plaintiff learned that certain preexisting conditions were made substantially and materially worse by her motor vehicle accident.

Our Supreme Court has adopted the transaction test to determine whether a judgment on an original claim extinguishes a plaintiff's subsequent causes of action. Id., 545. "What factual grouping constitutes a 'transaction,' and what groupings constitute a 'series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." (Internal quotation marks omitted.) Id., 545–46. Although we agree with the defendants that the plaintiff's property damage and personal injury losses both arose out of the same transaction, i.e., the motor vehicle accident, the facts of this case require that we not follow mechanically the doctrine of claim preclusion to deny this plaintiff her day in court.

The facts of this case demonstrate that the plaintiff, within one or two weeks of the accident, attempted to secure compensation for the property damage her automobile sustained when it was allegedly struck by the defendants' truck. At that time, according to her trial testimony, the plaintiff believed that her personal

injuries could be treated with over-the-counter pain remedies. More than one year later, the plaintiff learned that she had, in fact, sustained serious personal injuries that required surgical intervention. Within six months of learning of the seriousness of her personal injuries, the plaintiff brought an action against West and Truck Service claiming damages for her personal injuries. Citizens of this state have a constitutional right to seek redress for injuries. See Conn. Const., art. I, § 10; *Dubay* v. *Irish*, 207 Conn. 518, 529, 542 A.2d 711 (1988); *Falco* v. *Institute of Living*, 50 Conn. App. 654, 659, 718 A.2d 1009 (1998). To bar the plaintiff's claim for personal injuries on the basis of the facts of this case would frustrate the constitutional right and social policies providing redress for injuries, which are "more important than the convenience afforded by finality in legal controversies." *In re Brianna F.*, supra, 50 Conn. App. 813.

We conclude that in this instance our social policy of providing a means of redress for personal injuries outweighs the need for finality of the small claims judgment. The plaintiff's personal injury claim, therefore, is not barred by the doctrine of res judicata.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.