## MARY G. ISAAC *v.* TRUCK SERVICE, INC., ET AL. (SC 16109)

McDonald, C. J., and Borden, Katz, Palmer and Vertefeuille, Js.

Argued February 15—officially released June 6, 2000

*James V. Somers*, with whom were *Thomas P. O'Dea* and, on the brief, *Kathleen A. St. Onge*, for the appellants (defendants).

*John T. Scully*, for the appellee (plaintiff).

*Opinion*

BORDEN, J. The issue in this certified appeal is whether the doctrine of claim preclusion operates to bar a personal injury action arising out of an automobile accident, filed on the regular docket of the trial court, that is preceded by a judgment for property damage to

the plaintiff's automobile on the small claims docket of the trial court. The defendants appeal from the judgment of the Appellate Court rejecting their claim that the doctrine of claim preclusion barred this action by the plaintiff.[1] *Isaac* v. *Truck Service, Inc.*, 52 Conn. App. 545, 557, 727 A.2d 755 (1999). We conclude that the doctrine of claim preclusion should not apply in these circumstances. Accordingly, we affirm the judgment of the Appellate Court.

The plaintiff, Mary G. Isaac, brought this personal injury action against the defendants, Truck Service, Inc. (Truck Service), and Mary Ann West,[2] for injuries arising out of an automobile accident on September 28, 1993. The trial court rejected, as a matter of law, the special defense that the plaintiff's action was barred by the doctrine of claim preclusion based upon the plaintiff's prior small claims judgment against Truck Service for property damage to her automobile arising out of the same accident.[3] Following a jury verdict for the defendants, the trial court rendered judgment for the defendants on the verdict.

The plaintiff appealed to the Appellate Court, which determined that a new trial was required because the trial court, *Rittenband, J.*, improperly had permitted the defendants to amend their answer to the complaint during closing arguments. The Appellate Court also rejected the defendants' alternate ground for affirming the judgment, namely, the application of the doctrine of claim preclusion. Accordingly, the Appellate Court

---

[1] We granted the defendants' petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly conclude that the doctrine of claim preclusion did not bar the plaintiff's action?" *Isaac* v. *Truck Service, Inc.*, 249 Conn. 905, 733 A.2d 223 (1999).

[2] Truck Service was the owner of a truck operated by West.

[3] The trial court, *Hammer, J.*, denied the defendants' motion for summary judgment based on the special defense. Thereafter, the trial court, *Rittenband, J.*, denied the defendants' motion for a directed verdict based on the same special defense.

reversed the judgment of the trial court and ordered a new trial. Id., 557. This certified appeal followed.

As stated by the Appellate Court, the facts relevant to this appeal are undisputed. On February 25, 1992, the plaintiff was driving her car on Interstate 91 in Windsor when there was a collision with another vehicle that the plaintiff claimed to be a truck owned by Truck Service. Id., 547. "After the accident occurred, the plaintiff immediately notified the Connecticut state police. She notified Truck Service of the accident the next day. On March 2, 1992, Truck Service had the property damage to the plaintiff's vehicle appraised at $1422.58. After her attempts to resolve her claim with Truck Service failed, the plaintiff initiated a small claims action against Truck Service in July, 1992. The plaintiff was able to reach a settlement agreement with Truck Service's liability insurance carrier in September, 1992. The insurance carrier issued settlement checks to the plaintiff but stopped payment on the drafts soon thereafter. The plaintiff, therefore, proceeded to a hearing in damages in small claims court and was awarded a judgment of $1422.58 plus costs.

"At the time she instituted her small claims action against the defendants, the plaintiff had not yet seen a physician for the injuries she alleges that she had sustained in the accident. Although she was experiencing back and neck pain, the plaintiff treated herself with over-the-counter pain relievers. On April 23, 1993, the plaintiff sought treatment from an orthopedic surgeon when the over-the-counter remedies ceased providing relief. The physician advised the plaintiff that she had underlying orthopedic conditions that were, in his opinion, made substantially and materially worse by the accident. The plaintiff commenced the present action against West and Truck Service in September, 1993, seeking damages for the personal injuries she had sustained." Id., 554.

The Appellate Court declined to apply the doctrine of claim preclusion on the factual basis that: the plaintiff had sought to secure compensation for her property damage within two weeks of the accident; at that time, she believed that her injuries could be remedied without medical attention; she did not learn until more than one year later that her injuries were serious enough to require surgery; and she brought this action for her injuries within six months thereafter. Id., 556–57. On the basis of these facts, the Appellate Court held that "our social policy of providing a means of redress for personal injuries outweighs the need for finality of the small claims judgment." Id., 557.

The defendants claim that the Appellate Court, in rejecting their alternate ground for affirmance of the trial court's judgment, improperly failed to apply settled principles of claim preclusion. Although we disagree with the route by which the Appellate Court reached its conclusion, we agree with that court that the doctrine of claim preclusion does not apply to this case. We conclude that the doctrine does not apply to a claim for personal injuries arising out of an automobile accident, filed on the regular docket of the Superior Court, where the parties have litigated the question of property damage arising out of the same accident on the small claims docket of the court.

It is difficult to dispute—and the plaintiff does not dispute—the defendants' contention that, pursuant to the ordinary application of the general principles of claim preclusion, the plaintiff's claim would be barred. Under those principles, a valid, final judgment rendered on the merits by a court of competent jurisdiction is an absolute bar to a subsequent action between the same parties, or those in privity with them, upon the same claim or demand. *Slattery* v. *Maykut*, 176 Conn. 147, 156–57, 405 A.2d 76 (1978). Furthermore, the doctrine of claim preclusion, as opposed to issue preclu-

sion, bars not only subsequent relitigation of a claim previously asserted, but subsequent relitigation of "any claims relating to the same cause of action which were actually made or which might have been made." *Orselet* v. *DeMatteo*, 206 Conn. 542, 545, 539 A.2d 95 (1988). In addition, for these purposes whether the subsequent claim relates to the same cause of action is to be determined by the transactional test, which is measured by "the 'group of facts which is claimed to have brought about an unlawful injury to the plaintiff,' " and which also states that " '[e]ven though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action.' " *Duhaime* v. *American Reserve Life Ins. Co.*, 200 Conn. 360, 365, 511 A.2d 333 (1986). Moreover, the doctrine applies even where the prior litigation was a small claims action. *Orselet* v. *DeMatteo*, supra, 546 (prior small claims judgment in favor of plaintiff for car rental expense bars subsequent action for property damage to plaintiff's car). Finally, as the defendants point out, § 24 of the Restatement (Second) of Judgments reiterates these principles, and illustrates them by indicating that they apply to a subsequent claim for personal injury preceded by a prior small claims judgment for property damage to a vehicle, arising out of the same accident.[4]

---

[1] Section 24 of the Restatement (Second) of Judgments (1982) provides: "Dimensions of 'Claim' for Purposes of Merger or Bar—General Rule Concerning 'Splitting'

"(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

"(2) What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."

The Restatement sets forth the following illustration: "In an automobile collision, A is injured and his car damaged as a result of the negligence of

Despite these authorities, however, we are persuaded that this case presents an appropriate occasion for a limited exception to the doctrine of claim preclusion. In *Delahunty* v. *Massachusetts Mutual Life Ins. Co.*, 236 Conn. 582, 592, 674 A.2d 1290 (1996), we concluded that the doctrine's underlying policies were not sufficiently compelling to preclude the postmarital dissolution assertion of tort actions "based on claims arising between married persons . . . ." A similar analysis in the present case leads us to conclude that where the parties litigate to judgment, on the small claims docket, a claim for property damage to a motor vehicle arising out of a motor vehicle accident, that judgment will not bar a subsequent action, on the regular docket, for personal injuries arising out of the same accident.

"[W]e recognize that a decision whether to apply the doctrine of res judicata to claims that have not actually been litigated should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close; 1 Restatement (Second), [Judgments § 24, p. 199 (1982)]; and the competing interest of the plaintiff in the vindication of a just claim. We have stated that res judicata should be applied as necessary to promote its underlying purposes. These purposes are generally identified as being (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation. . . . The judicial doctrines of res

---

B. Instead of suing in a court of general jurisdiction of the state, A brings his action for the damage to his car in a justice's court, which has jurisdiction in actions for damage to property but has no jurisdiction in actions for injury to the person. Judgment is rendered for A for the damage to the car. A cannot thereafter maintain an action against B to recover for the injury to his person arising out of the same collision." 1 Restatement (Second), supra, § 24, illustration (14), pp. 204–205.

judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest. The doctrines of preclusion, however, should be flexible and must give way when their mechanical application would frustrate other social policies based on values equally or more important than the convenience afforded by finality in legal controversies. . . . We review the doctrine of res judicata to emphasize that its purposes must inform the decision to foreclose future litigation. The conservation of judicial resources is of paramount importance as our trial dockets are deluged with new cases daily. We further emphasize that where a party has fully and fairly litigated his claims, he may be barred from future actions on matters not raised in the prior proceeding. But the scope of matters precluded necessarily depends on what has occurred in the former adjudication." (Internal quotation marks omitted.) *Delahunty* v. *Massachusetts Mutual Life Ins. Co.*, supra, 236 Conn. 591–92.

It is indisputable that automobile accidents are one of the most common occurrences in our society in general, and in our state in particular, that result in civil litigation in our courts. It is also indisputable that most of those accidents that ultimately result in litigation involve, at one stage or another, claims for both property damage to the vehicle involved and personal injuries to the people involved. Thus, in focusing on those cases that involve those two types of claims, we focus on one of the paradigmatic examples of civil litigation in the judicial system. We also know that typically the amount of the property damage claim will be ascertained much sooner than the ultimate value, whether by settlement or by litigation, of the personal injury claim. Moreover,

we know that, if the claimant has collision insurance, typically she will use that source of funds to repair her car, and leave to her insurer the collection of that expense, including the amount of the deductible, from the alleged tortfeasor; and, if there is no collision insurance, the claimant typically will be required to repair her car out of her own funds and will want to collect that expense from the alleged tortfeasor as soon as possible. This set of indisputable understandings leads us to conclude that claimants, alleged tortfeasors and the judicial system as a whole will be better served by encouraging the prompt adjudication of contested property damage claims through the small claims process, without the inhibiting opportunity costs[5] that the imposition of the claim preclusion doctrine would impose.

Our small claims system is statutorily designed to achieve the inexpensive, prompt, informal and final adjudication of contested monetary claims involving limited amounts of money. See General Statutes § 51-15.[6] Our rules of practice are designed with the same

---

[5] An "opportunity cost" is an economic term with the following meaning: "In general, the opportunity cost of using a resource in a particular manner is defined as the value of the next best alternative use of that resource. . . . The classic phrase that illustrates the concept of opportunity cost is 'There ain't no such thing as a free lunch . . . .' Another way to think of the concept of opportunity cost is to recognize that 'whenever you have a choice, there is a cost.' " H. Butler, Economic Analysis for Lawyers (1998) p. 4.

[6] General Statutes § 51-15 provides: "Rules of procedure in certain civil actions. Small claims. Expedited process cases. (a) In accordance with the provisions of section 51-14, the judges of the Superior Court shall make such orders and rules as they deem necessary or advisable concerning the commencement of process and procedure in flowage petitions, paternity proceedings, replevin, summary process, habeas corpus, mandamus, prohibition, ne exeat, quo warranto, forcible entry and detainer, peaceable entry and forcible detainer, for paying rewards, for cases filed on and after January 1, 1994, which are expedited process cases pursuant to subdivision (2) of subsection (b) of section 52-195b, and for the hearing and determination of small claims, including suitable forms of procedure in such cases, exclusive of fees.

"(b) The orders and rules for the hearing and determination of small

## aims in mind. See, e.g., Practice Book §§ 24-1, 24-28

claims shall include provisions for the institution of small claims actions by attorneys-at-law on suitable forms to be served by a proper officer or indifferent person upon the defendant in the same manner as complaints are served in civil actions at least ten days before the small claims session of the court mentioned in such form, and for making his return thereon at least six days before such session; and may also include, among other provisions, the commencement of actions by an attorney-at-law or other person without writ or requirement of pleading other than a written or oral statement to the clerk; notice by mail; provisions for the early hearing of actions and rules for hearings in accordance with sections 51-193t and 52-549a and for the commencement of such actions without the payment of entry fee or other fee, and the elimination of any and all other fees or costs, except a fee for small claims procedure as prescribed in section 52-259; modification of any or all existing rules of pleading, practice and evidence; a stay of the entry of judgment or of the issuance of execution and an alternative procedure according to the usual rules of practice. Such orders and rules shall permit the institution of a small claims action against a nonresident defendant who owns real or personal property in this state and against an out-of-state corporation.

"(c) Upon the taking effect of such orders and rules, all provisions of statute, both public and private, and the provisions of any orders or rules adopted by the judges of the Superior Court prior to July 1, 1957, inconsistent with or superseded by them, shall be deemed to be repealed, to the extent necessary to render the orders and rules effective.

"(d) The procedure for the hearing and determination of small claims as the same may be prescribed, from time to time, by the judges of the Superior Court shall be used in all small claims sessions of the court. The small claims procedure shall be applicable to all actions, except actions of libel and slander, claiming money damages not in excess of two thousand five hundred dollars, and to no other actions. If a motion is filed to transfer a small claims matter to the regular docket in the court, the moving party shall pay the fee prescribed by section 52-259. The Attorney General or an assistant attorney general, or the head of any state agency or his authorized representative, while acting in his official capacity shall not be required to pay any small claims court fee. There shall be no charge for copies of service on defendants in small claims matters.

"(e) The orders and rules for the expedited hearing and determination of cases maintained pursuant to subdivision (2) of subsection (b) of section 52-195b shall include, but shall not be limited to: The modification of any or all existing rules of pleading, practice and evidence; the adoption of procedures for disclosure of material facts at the time of filing of the matter in court; the waiver of the right to appeal a final judgment entered; the transfer of cases under this subsection to the regular docket of the court; an expedited pretrial conference; an expedited assignment for trial on the merits; and the waiver of the right to a record of the trial proceedings. All expedited process cases shall be heard by a judge of the Superior Court."

and 24-23.[7] Furthermore, the plaintiff has the right to forgo the small claims process; see Practice Book § 24-3;[8] and the defendant in a small claims action has the right to opt out of that process by moving to transfer the action to the regular docket. Practice Book § 24-21.[9]

[7] Practice Book § 24-1 provides: "In General

"(a) The general purpose of these rules is to secure the prompt and inexpensive hearing and determination of small claims by simplified procedure designed to allow the public maximum access to and use of the court in connection with such claims. The office of the chief court administrator shall solicit public comment on the operation of the small claims court by a public hearing to be held at least annually at such location or locations as it deems to be appropriate.

"(b) All proceedings shall be simple and informal. The services of an attorney at law are permissible but not obligatory. Notice to the representative for a party shall be equivalent to notice to such party."

Practice Book § 24-28 provides: "—Finality of Judgments and Decisions

"Except as provided in Section 24-31, the judgments and decisions rendered in the small claims session are final and conclusive. (See General Statutes § 51-197a)"

Practice Book § 24-23 provides: "—Procedure

"Witnesses shall be sworn; but the judicial authority shall conduct the hearing in such order and form and with such methods of proof as it deems best suited to discover the facts and to determine the justice of the case in accordance with substantive law."

[8] Practice Book § 24-3 provides: "Institution of Actions

"Actions may be instituted at the option of the claimant by the procedure herein provided for, or by writ and complaint returnable to the regular civil docket of the superior court."

[9] Practice Book § 24-21 provides: "Transfer to Regular Docket

"(a) A case duly entered on the small claims docket of a small claims area or housing session court location shall be transferred to the regular docket of the superior court or to the regular housing docket, respectively, if the following conditions are met:

"(1) The defendant, or the plaintiff if the defendant has filed a counterclaim, shall file a motion to transfer the case to the regular docket. This motion must be filed on or before the answer date.

"(2) The motion to transfer must be accompanied by (A) a counterclaim in an amount greater than the jurisdiction of the small claims court; or (B) an affidavit stating that a good defense exists to the claim and setting forth with specificity the nature of the defense, or stating that the case has been properly claimed for trial by jury.

"(3) The moving party shall pay all necessary statutory fees at the time the motion to transfer is filed, including any jury fees if a claim for trial by jury is filed.

Thus, where the parties have litigated to final judgment a small claims action for property damage arising out of an automobile accident, it fairly may be assumed that they have chosen to do so because the goals of inexpensive, prompt, informal and final adjudication were consistent with their goals in resolving their particular dispute. Just as our law, as a matter of policy, encourages the voluntary settlement of civil disputes; see, e.g., *Duni* v. *United Technologies Corp.*, 239 Conn. 19, 26–27, 682 A.2d 99 (1996); it also, as a matter of policy, should encourage the inexpensive, prompt, informal and final adjudication of civil disputes that fall within the jurisdictional limits that the law makes available for such adjudication. By permitting the parties to bring motor vehicle property damage claims to final, prompt and inexpensive resolution through the use of the small claims docket, we would be furthering that policy. Furthermore, we would be furthering the policy of freeing the regular civil docket from the burden of such claims.

Finally, applying the doctrine of claim preclusion to the result of a small claims judgment involving only a property damage claim arising from an automobile accident would give a prudent claimant the incentive to delay litigation of that claim until such time as his or her personal injury claim resulting from the accident

"(b) When a defendant or plaintiff on a counterclaim has satisfied one of the conditions of subsection (a) (2) herein, the motion to transfer to the regular docket shall be granted by the judicial authority, without the need for a hearing unless an objection is filed within seven days after the answer date.

"(c) A case on the small claims docket of a small claims area court location which has been properly transferred shall be transferred to the docket of the judicial district within which the small claims area is located, except that a case filed in the housing session and properly transferred shall remain in the housing session and be placed upon the regular housing docket. A case may be consolidated with a case pending in any other clerk's office of the superior court."

could be filed on the regular docket.[10] This would, in turn, mean that the regular docket, designed mainly for the more substantial personal injury claim, would be further encumbered by an accompanying claim for property damage, despite the availability of a prompt, informal and final adjudication of the property damage claim on the small claims docket.

Furthermore, as the defendants in this case have brought to our attention, when the claimant's collision insurer, rather than the claimant personally, has litigated the property damage claim on a subrogation basis, some courts have held that the doctrine of claim preclusion does not bar the later assertion of the claimant's personal injury claim. See annot., 24 A.L.R.4th 646, 689–90 (1983). Our conclusion that the doctrine does not apply in this case simply renders both instances— where the property damage claim has, and has not, been paid by the collision insurer—consistent with each other.

In this analysis, however, we must also take into account the interest of the alleged tortfeasor, and the incentives and disincentives afforded him. If we were to hold that application of the doctrine of claim preclusion to a small claims judgment on the plaintiff's property damage claim does not bar the later assertion of her personal injury claim, we also should hold that the doctrine of issue preclusion should not apply to that claim as well. Otherwise, a small claims judgment in favor of or against the plaintiff might later be used by or against her in her personal injury action to assert, on the basis of issue preclusion, that the issue of liability

---

[10] Of course, for the claimant who did not have collision coverage, presumably because she could not afford it or because her motor vehicle was too old to justify it, that would mean that she would either have to pay for the repairs out of pocket or forego any such repairs.

already had been fully and finally litigated.[11] In any event, unless the doctrine of issue preclusion were not applied to such a small claims judgment, there would be an incentive on the part of the defendant to remove the small claims action to the regular docket, and an accompanying disincentive to litigate the issue on the small claims docket.

Therefore, for the same policy reasons that underlie our conclusion that the doctrine of claim preclusion does not apply to a small claims motor vehicle property damage judgment, we conclude that the doctrine of issue preclusion also does not apply to such a judgment. With these twin conclusions in place, the parties, although free to litigate the property damage aspect of their motor vehicle dispute on the regular docket if they so choose, will at least be free of unnecessary disincentives to do so on the small claims docket instead.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

---

[11] In such a case, however, the plaintiff or the defendant might argue that the doctrine of issue preclusion should not apply because of the unavailability of an appeal from a small claims judgment. See 1 Restatement (Second), supra, § 28 (no issue preclusion where review unavailable as matter of law).