### RICHARD C. MACDONALD *v.* ROBERT PINTO
### (AC 19669)

Zarella, Dranginis and Hennessy, Js.

Argued December 7, 2000—officially released March 13, 2001

*Otto P. Witt,* for the appellant (plaintiff).

*Edward B. Bradley.* with whom, on the brief, were *Robert A. Ziegler* and *Leslee B. Hill,* for the appellee (defendant).

*Opinion*

ZARELLA, J. The plaintiff, Richard C. MacDonald, appeals from the judgment of the trial court in favor of the defendant, Robert Pinto,[1] in this breach of contract action. On appeal, the plaintiff claims that the court improperly (1) found that he failed to prove the existence of an oral contract for employment, a breach of that contract and damages, and (2) failed to determine the credibility of the witnesses. Because we determine that the court's findings of fact are contrary to the admissions of the defendant, we reverse the judgment and remand the case for a new trial.

The court, in its memorandum of decision, found the following relevant facts. The defendant hired the plaintiff and Steve Bilan[2] as independent contractors in March, 1992. The parties orally agreed on the plaintiff's terms of employment. On March 30, 1995, the plaintiff terminated his employment with the defendant. Shortly thereafter, "[t]he defendant notified the plaintiff through his attorney that [pursuant to their agreement, the plaintiff] was entitled to $9,602.17, which repre-

---

[1] Pinto conducts business under the name Pinto Associates.

[2] Bilan, who remains employed by the defendant, is not a party to this action.

sented 25 percent of the difference between the accounts receivable and the accounts payable as of March 30, 1995." The plaintiff disagreed and "demanded to be paid 25 percent of the accounts payable less the cost of materials, tooling and outside processing for each of the years he was an employee of the defendant."[3]

The court concluded that the plaintiff failed to sustain his burden of proving the existence of the oral contract,[4] "pursuant to which the plaintiff would be paid, on a weekly basis, one quarter of the payables,[5] less the cost of materials, tooling and outside processing." The court further found that the facts adduced at trial did not "provide a basis for a determination of damages."

"As an appellate court, our review of trial court decisions is limited to determining whether their legal conclusions are legally and logically correct, supported by facts set out in the memorandum of decision. . . . Whether a contract . . . exists is a question of fact for

[3] Notwithstanding the court's finding, our review of the trial transcript reveals that the plaintiff testified that pursuant to the parties' oral contract, he was entitled to 25 percent of the revenue from all *invoices* less the cost of tooling materials and outside processes. The plaintiff's testimony was consistent with the allegations in his revised complaint, in which he alleged that he was entitled to 25 percent "of the amount *invoiced* by Pinto Associates after deducting the costs of materials, tooling and outside processing." (Emphasis added.) The plaintiff's counsel estimated that the defendant owes the plaintiff $83,548.

Our review of the record has failed to reveal any evidence that the plaintiff demanded from the defendant 25 percent of accounts payable less miscellaneous deductions. We note that "[i]n its broadest usage the term 'accounts payable' includes virtually all unpaid bills of whatever nature, denoting the liabilities arising from the purchase of goods or services on credit. In the case law the term has been defined as the contract obligations owing by a person on open account." (Internal quotation marks omitted.) *General Hartford, Inc.* v. *Tax Commissioner*, 178 Conn. 240, 241, 423 A.2d 869 (1979). In the absence of any evidence supporting the court's finding, we conclude that this finding of fact is clearly erroneous.

[4] We note that the court concluded elsewhere in its memorandum of decision that "[t]he contract of employment was an oral contract."

[5] See footnote 3.

the court to determine. . . . If the factual basis of the court's decision is challenged, our review includes determining whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." (Citations omitted; internal quotation marks omitted.) *Keefe* v. *Norwalk Cove Marina, Inc.*, 57 Conn. App. 601, 605–606, 749 A.2d 1219, cert. denied, 254 Conn. 903, 755 A.2d 881 (2000). "A court's determination is clearly erroneous only in cases in which the record contains no evidence to support it, or in cases in which there *is* evidence, but the reviewing court is left with the definite and firm conviction that a mistake has been made." (Emphasis in original.) *W.* v. *W.*, 248 Conn. 487, 495, 728 A.2d 1076 (1999).

In the first count of a two count revised complaint dated April 18, 1997, the plaintiff alleged, inter alia, that he and the defendant had an oral contract under which the "plaintiff was to be paid 25 percent of the amount invoiced by Pinto Associates [the entity under which the defendant was doing business] after deducting the cost of materials, tooling and outside processing." The plaintiff further alleged that after he terminated his employment, the defendant acknowledged that he owed the plaintiff money, but that the defendant misstated the terms of their contract. Consequently, the plaintiff alleged, the defendant breached the contract because he refused to pay the plaintiff in accordance with the terms of the contract. In the second count, the plaintiff alleged, inter alia, that the "[d]efendant entered into an oral contract with [the] plaintiff and other workers whereby they would be treated as independent contractors and entitled to a share of the income of the company."

The defendant filed his answer to the revised complaint on September 2, 1997. He admitted that the par-

ties had an oral contract governing the plaintiff's employment. The defendant also admitted that under the contract, the plaintiff was entitled to a share of the income of Pinto Associates. Furthermore, the defendant, whom the plaintiff called as a witness at trial, repeatedly admitted the existence of an oral contract for employment.[6]

"An admission in a defendant's answer to an allegation in a complaint is binding as a judicial admission. *Lutkus* v. *Kelly*, 170 Conn. 252, 257, 365 A.2d 816 (1976). An admission in pleading dispenses with proof, and is equivalent to proof. *Connecticut Hospital for the Insane* v. *Brookfield*, 69 Conn. 1, 4, 36 A. 1017 (1897). It is the full equivalent of uncontradicted proof of these facts by credible witnesses; *Cassidy* v. *Southbury*, 85 Conn. 221, 223, 82 A. 198 (1912); and is conclusive on the pleader. *Rodearmel* v. *Rodearmel*, 173 Conn. 273, 275, 377 A.2d 260 (1977); *Cross* v. *Hudon*, 42 Conn. App. 59, 65, 677 A.2d 1385, cert. denied, 239 Conn. 932, 683 A.2d 400 (1996)." (Internal quotation marks omitted.) *Days Inn of America, Inc.* v. *161 Hotel Group, Inc.*, 55 Conn. App. 118, 126–27, 739 A.2d 280 (1999). In the present case, the plaintiff did not have to prove the existence of an oral contract because the defendant repeatedly admitted to its existence in his answer and at trial. The court therefore improperly determined that the plaintiff did not meet his burden of proving the existence of the oral contract.

---

[6] At trial, the defendant testified that the parties' agreement required him to pay to the plaintiff 25 percent of accounts receivable less accounts payable on the termination of the plaintiff's employment or the business. The defendant's testimony conformed to his earlier answers to the plaintiff's first set of interrogatories dated September 2, 1997. In his responses to interrogatories six and seven, the defendant stated, inter alia, that the terms and conditions of the contract between the defendant and the plaintiff were oral, and that the agreement contemplated that the plaintiff would be paid 25 percent of the difference between accounts receivable and payable as of the date of the plaintiff's termination.

The pleadings and the parties' testimony establish that at the time the parties formed the oral contract, there was a meeting of the minds. See *Hirschfeld* v. *Hirschfeld*, 50 Conn. App. 280, 287, 719 A.2d 41, cert. denied, 247 Conn. 929, 719 A.2d 1168 (1998). Only now, subsequent to contract formation, do the parties' recollections regarding the terms of their contract differ. Therefore, on remand, the court must assess the credibility of the witnesses in determining the terms of the parties' contractual commitments. See *Presidential Capital Corp.* v. *Reale*, 231 Conn. 500, 507, 652 A.2d 489 (1994) (terms of contractual commitment ultimately are questions of fact).

We further conclude that the court improperly determined that the facts adduced at trial do not provide a basis for determining damages. The defendant admitted in his answer that he owes the plaintiff moneys pursuant to their oral contract. See *Isaac* v. *Truck Service, Inc.*, 52 Conn. App. 545, 550, 727 A.2d 755 (1999) (admission of truth of allegation in pleading is judicial admission conclusive on pleader), aff'd, 253 Conn. 416, 752 A.2d 509 (2000). The defendant testified at trial that the plaintiff is entitled to $9602.17, a figure reflecting 25 percent of the difference between accounts receivable and payable at the time the plaintiff terminated their employment relationship. The plaintiff, on the other hand, testified that pursuant to their contract, the defendant owes him at least $100,000,[7] a figure representing 25 percent of all invoices less the cost of materials, tooling and outside processing for each of the years that the defendant employed him. On remand, therefore, the court also must determine the amount of damages to which the plaintiff is entitled.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.

---

[7] According to counsel for the plaintiff, the defendant owed the plaintiff approximately $83,548.