[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CROSS CLAIM OF GREEN TREE FINANCING SERVICE CORPORATION
Judgment in this action entered in favor of the plaintiffs, Robert and Caroline Strouth, against the defendant, Pools By Murphy Sons, Inc. (Pools), on July 10, 2001, on a breach of contract. Decision on the cross claim of Green Tree Financial Servicing Corporation (Green Tree) was reserved pending the filing of post-judgment memoranda of law by Green Tree and Pools. Green Tree claims in three counts that Pools breached the dealer agreement (agreement) executed by Green Tree and Pools on January 12, 1994. Pools denies such a breach, but in any case asserts that the agreement was unenforceable because it lacked consideration and mutual obligation. Although Green Tree initially sought by way of relief an order requiring Pools to repurchase the Strouths' note and mortgage, it CT Page 11887 appears from Green Tree's post-trial memorandum that Green Tree is now limiting its requested relief to its total legal fees and expenses in defense of this suit. That total is $6,878.82. In addition to the parties' post-trial memoranda, Green Tree and Pools submitted a stipulation of facts dated February 8, 2001.
The memorandum of decision of this court for the July 10, 2001 judgment in favor of the Strouths sets forth the facts that apply to this cross claim. Those facts, together with the stipulation of facts from the parties, support the following findings. Green Tree and Pools entered into the agreement on January 12, 1994. By the terms of the agreement Pools might choose to transfer to Green Tree notes and mortgages taken from customers of Pools to pay for construction of home improvements. Pools is not obliged to make such a transfer to Pools nor is Pools obliged to accept such a transfer. The agreement contemplates that Pools will start as the holder of a note and as the mortgagee in a transaction with customers; Pools will then sell the note and mortgage to Green Tree. In practice, however, Pools did not itself take the notes and mortgages. Rather, Pools steered customers directly to Green Tree. The distinction between a transfer of a note and mortgage to Green Tree and the mere referral of a customer to Green Tree is without significance in light of the parties' stipulation that the financial deal with the Strouths was "provided by Green Tree pursuant to the terms of the [agreement]." The court cannot make a finding that contradicts the stipulations or admissions of the parties. See MacDonald v. Pinto, 62 Conn. App. 317,771 A.2d 156 (2001). Pools arranged the financing through Green Tree and acted as a conveyor of documents and supervisor of the Strouths' execution of the note and mortgage in this case.
Because the financial deal with the Strouths was pursuant to the terms of the agreement between Green Tree and Pools, it follows that the mutual promises and consideration were as set forth in the agreement. By the terms of the agreement, Green Tree financed homeowners for the purchase of a new pool on their property by purchasing a note and accepting an assignment of a mortgage from Pools. Such transactions were dependent upon Pools' promise that the home improvement and its workmanship would withstand a court action by the buyers.[1] Green Tree's financing of the Strouths' loan gave Pools the benefit of a customer who would not be able to purchase a pool without such financing. Because of Pools' assurance that the pool would be constructed properly, Green Tree was able to lend money and to secure that loan with a piece of real property that would be enhanced in value by the improvement of an in-ground swimming pool.
"A contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of CT Page 11888 the situation of the parties and the circumstances connected with the transaction." (Internal quotation marks omitted.) Tallmadge Bros. v.Iroquois Gas Transmissions System, 252 Conn. 479, 498, 746 A.2d 1277
(2000). The parties in this case created an executory contract on January 12, 1994, the performance of which depended upon certain conditions. Those conditions included the existence of a note and mortgage that Green Tree was willing to purchase from Pools upon referral from Pools. Once those conditions were met, the terms of the agreement applied. "An executory contract is one where some performance remains to be rendered by each party and neither party has, at the time of the breach performed completely." Gorlin v. Bond Richman Co., 706 F. Sup. 236, 243
(S.D.N.Y. 1989); Najda v. Yudkin, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 049097 (January 5, 2001, Nadeau, J.). Green Tree performed fully under the agreement. Thus, the agreement became an executed contract as to Green Tree. "An executory contract is one in which a party binds himself to do or not to do a particular thing, whereas an executed contract is one in which the object of the Agreement is performed and everything that was to be done is done." 17A Am.Jur.2d, Contracts § 6 (1991).
The burden next fell upon Pools to fulfill its obligation under the agreement. Performance under a contract may be dependent upon specific conditions such as the consummation of the underlying transaction and the full performance of a sale. See Revere Real Estate, Inc. v. Cerato,186 Conn. 74, 78, 438 A.2d 1202 (1982). In this case, once the Strouths executed the mortgage documents, Green Tree issued a check, and the Strouths contracted with Pools for the building of a swimming pool at their house, Pools was under an obligation to perform by building a pool as represented to the Strouths. The question is whether the performance of Pools was as represented to the Strouths or was faulty so as to be in breach of this agreement.
As set forth in the July 10, 2001 memorandum of decision, Pools' building of the swimming pool for the Strouths was not as represented to the Strouths. This put Pools into breach of the agreement with Green Tree. Since Green Tree was sued by the Strouths and incurred attorney's fees by way of defense and cross claim, Green Tree is entitled to recover from Pools for its expenditure of those attorney's fees.
The parties have stipulated that Green Tree incurred total legal fees and expenses in defending this action in the amount of $6,878.82. Pools has not challenged the reasonableness of those fees. The court has reviewed the professional service statements of the attorneys for Green Tree and finds them to be reasonable. The court regards the First Count of Green Tree's cross claim as having been withdrawn by Green Tree. Judgment shall enter in favor of Green Tree on the Second and Third CT Page 11889 Counts of its cross claim against Pools in the amount of $6,878.82. No additional costs are awarded.
Winslow, J.