[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#106)
This matter was heard by the Honorable Andre Kocay who died prior to issuing a decision. Upon review of and familiarization of myself with the proceedings, I issue this decision pursuant to General Statutes §51-183f and Stevens v. Hartford Accident and Indemnity Co.,29 Conn. App. 378, 383-86 (1981).
On August 16, 2001, the plaintiff, New Britain General Hospital, commenced this action for a collection of a debt against the defendant, Robert Henry Mobley.[1] The plaintiff filed a one-count complaint alleging that it rendered medical services to the defendant and the defendant has failed to compensate the plaintiff accordingly. On September 11, 2001, the defendant filed his answer and special defense. The defendant, in his answer, admitted that the plaintiff did provide medical services to him and that he has failed to pay the plaintiff. The defendant, in response to the remaining allegations of the complaint, stated that he did not know that he owed a sum in the amount of $10,049.69 and that the plaintiff expected to be paid for the services rendered to the defendant. The defendant asserted in his special defense that the plaintiff incorrectly identified him in the lawsuit as Robert Kinsey Mobley and, therefore, he was not going to pay the medical bills until he was correctly identified as Robert Henry Mobley. On December 10, 2001, the plaintiff filed a motion to amend its writ, summons and complaint in order to correct the defendant's name to Robert Henry Mobley.
On July 11, 2002, the plaintiff filed a motion for summary judgment, accompanied with a memorandum in law, claiming that no genuine issues of material fact exist and that it is entitled to summary judgment as a matter of law. The plaintiff submitted a copy of the defendant's answer, an affidavit of debt, an affidavit of interest and a copy of the defendant's hospital bills, in support of its motion for summary judgment. The defendant has not filed a memorandum in opposition to the CT Page 2905-bx plaintiff's motion for summary judgment.
 DISCUSSION
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries, Inc. v.Greater New York Mutual Ins. Co., 259 Conn. 527, 549-50, 791 A.2d 489
(2002). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id., 556. "[When] the plaintiff move[s] for summary judgment . . . and there were no contradictory affidavits, the court [can] properly decide the motion by looking only to the sufficiency of the plaintiff's affidavits and other proof." Heyman Associates No. 1v. Ins. Co. of Pennsylvania, 231 Conn. 756, 795, 653 A.2d 122 (1995). "Summary judgment is particularly appropriate in a case where an examination of the affidavit and exhibits accompanying a plaintiff's motion discloses the unchallenged existence of unpaid debts." MilfordHospital v. Champeau, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 00 069269 (April 27, 2001, Grogins, J.).
The plaintiff argues that no material facts exist in the present case and that it is entitled to summary judgment as a matter of law. Specifically, the plaintiff argues that the defendant, by way of answer, agreed to the allegations in the complaint. (Plaintiff's Memorandum, p. 8.) The plaintiff contends that the defendant owes $11,623.25 for the medical services rendered to him. The plaintiff cites to the affidavit of debt,[2] averred to by Lori Renner, attached to its memorandum, in support of this contention.
The plaintiff filed a one-count complaint, supported by four paragraphs. The first paragraph alleges that the plaintiff rendered medical services to the defendant. The second paragraph alleges that the defendant owes $10,049.65 to the plaintiff. The third paragraph alleges that plaintiff rendered medical care to the defendant with the CT Page 2905-by expectation that it was to be paid for its services. The last paragraph alleges that the plaintiff made a demand of payment on the defendant but that the defendant has failed to pay the plaintiff.
By way of answer, the defendant admitted the allegations of paragraphs one and four of the plaintiff's complaint. The defendant responded "Do Not Know" to paragraphs two and three of the plaintiff's complaint. In addition, the defendant filed a special defense asserting that he would not pay the medical bills until his middle name was corrected. Subsequently, the plaintiff filed a motion to amend the writ, summons and complaint to identify the defendant correctly as Robert Henry Mobley.
"An admission in a defendant's answer to an allegation in a complaint is binding as a judicial admission . . . An admission in pleading dispenses with proof, and is equivalent to proof . . . It is the full equivalent of uncontradicted proof of these facts by credible witnesses . . . and is conclusive on the pleader." (Citations omitted.) MacDonaldv. Pinto, 62 Conn. App. 317, 321, 771 A.2d 156 (2001). "A judicial admission dispenses with the production of evidence by the opposing party as to the fact admitted, and is conclusive upon the party making it." (Internal quotation marks omitted.) Isaac v. Truck Service, Inc.,52 Conn. App. 545, 551, 727 A.2d 755 (1999), aff'd, 253 Conn. 416,752 A.2d 509 (2000). "A judicial admission is, in truth, a substitute for evidence, in that it does away with the need for evidence." Kopacz v. DayKimball Hospital of Windham County, Inc., 64 Conn. App. 263, 272,779 A.2d 862 (2001).
The defendant admitted in his answer that the plaintiff provided medical services to him and he has failed to pay for those services. The defendant's admissions are conclusive upon him that he owes an unpaid debt to the plaintiff. In addition, the plaintiff submitted the affidavit of Renner, the plaintiff's authorized agent, who averred that the plaintiff rendered medical services in the amount of $10,049.69 to the defendant and that the defendant has failed to pay the plaintiff.
Based upon the defendant's admissions and Renner's affidavit, the plaintiff has sufficiently satisfied its burden of showing the absence of any material fact regarding the existence of an unpaid debt owed by the defendant to the plaintiff. There is a question of fact, however, as to the amount the defendant owes the plaintiff for medical services rendered. Renner avers in her affidavit that the defendant owes $10,049.69, but the plaintiff maintains in its motion for summary judgment that the defendant owes $11,623.25. Furthermore, the defendant, in his answer, did not admit to paragraph two where the plaintiff alleges that the defendant owes it $10,049.65. Accordingly, because there is a CT Page 2905-cz question of fact as to the amount of damages, the court will grant the plaintiff's motion for summary judgment as to liability only, pursuant to Practice Book § 17-50.[3] See Milford Hospital v. Champeau, supra, Superior Court, No. CV 00 069269.
Summary judgment as to liability only enters in favor of the plaintiff, against the defendant, Robert Henry Mobley, and, pursuant to § 17-50, the court orders that this matter be scheduled for a hearing to the court in order to determine the amount of damages owed by the defendant to the plaintiff.
 BY THE COURT Hon. Vanessa L. Bryant