## ELIAS BARON *v.* CULVER AND ASSOCIATES, LLC
### (AC 28551)

DiPentima, McLachlan and Lavine, Js.

Submitted on briefs January 4—officially released March 25, 2008

*Garrett A. Denniston* filed a brief for the appellant (defendant).

*Warren Miller* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Culver & Associates, LLC, appeals from the judgment of the trial court rendered in favor of the plaintiff, Elias Baron, doing business as E. Baron Construction, in this breach of contract action. On appeal, the defendant claims that the court's findings that a contract existed between the parties and that the plaintiff completed the work and, thus, was entitled to the remainder of his payment were clearly erroneous. We affirm the judgment of the trial court.

The court found the following relevant facts. The defendant hired the plaintiff as a subcontractor for construction of a deck and other renovations on an addition to a sunroom at premises located in Westerly, Rhode Island. The defendant agreed to pay the plaintiff the sum of $18,694 for the work. The plaintiff completed the work in accordance with the agreement on or about

June 25, 2005. The plaintiff alleged that the defendant had paid him only $14,728, leaving a balance of $3966, which was due and payable upon completion of the work. The plaintiff testified that he demanded payment by the defendant after he had done the work required.

On June 28, 2005, having agreed that the plaintiff should be paid $3966, the defendant told the plaintiff that he would issue him a check for that amount. The defendant, however, did not issue a check. Instead, the defendant refused to pay the plaintiff as he had promised because he found that the work was not done or was done poorly. The plaintiff acknowledged that there was a punch list, enumerating items to be completed, and he testified that he had been willing to complete the items on the punch list. The defendant, however, ordered him to stay off the property after he had demanded payment for the balance due from the defendant and was refused payment by the defendant. The plaintiff also testified that the property owner was satisfied with the work that he had done and had paid the defendant. The plaintiff brought suit on September 27, 2005, and the defendant then filed special defenses and a counterclaim.

The court found in favor of the plaintiff and awarded him damages in the claimed amount. The court found against the defendant on the counterclaim and on the special defenses. In making its ruling, the court noted that there had been no claim of bad or incomplete work until after the plaintiff brought suit for payment. This appeal and cross appeal followed.

"As an appellate court, our review of trial court decisions is limited to determining whether their legal conclusions are legally and logically correct, supported by facts set out in the memorandum of decision. . . . Whether a contract . . . exists is a question of fact for the court to determine. . . . If the factual basis of the

court's decision is challenged, our review includes determining whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. . . . A court's determination is clearly erroneous only in cases in which the record contains no evidence to support it, or in cases in which there *is* evidence, but the reviewing court is left with the definite and firm conviction that a mistake has been made." (Citation omitted; emphasis in original; internal quotation marks omitted.) *MacDonald* v. *Pinto*, 62 Conn. App. 317, 319–20, 771 A.2d 156 (2001).

On the basis of our review of the record, we conclude that there was evidence presented to support the court's conclusions that a contract existed between the plaintiff and the defendant and that the defendant breached the contract when he refused to pay the plaintiff. Accordingly, the court's findings that there was a contract and that the defendant was in breach of the contract were not clearly erroneous.

The judgment is affirmed.