[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 12156
INTRODUCTION
The captioned matter was tried to the court.
The amended complaint contains two counts. The first count alleges that the plaintiff was a tenant of the defendant and that, in violation of § 47a-21 (d) of the General Statutes (all further section references are to the General Statutes), the defendant failed to pay to her, or to account to her in a timely way for, her security deposit, as a result of which the plaintiff claims the defendant is liable to her for double the amount of that security deposit under § 47a-21 (d)(2). The second count seeks a civil penalty of $20 per day pursuant to § 47a-5 for each day during the period from October 1, 1997 through January 10, 1998, when the defendant did not hold a certificate of occupancy for the leased premises from the host municipality.
FINDINGS
From the evidence, the following facts are found:
 1) On or about February 29, 1996, the plaintiff, as landlord, and the defendant, as tenant, entered into a lease (the "lease) relative to a condominium (the "condominium") in Meriden for the term from March 1, 1996 to February 28, 1997;
 2) The lease provided for, and the plaintiff then deposited with the defendant, a security deposit, as that term is defined in § 47a-21 (d), in the amount of $2,200;
 3) On or about January 25, 1997. the plaintiff and the defendant extended the lease to August 31, 1997. and they agreed that the plaintiff would make payments totaling $650 to the defendant which were in addition to rental payments and were to be added to the plaintiff's security deposit, which payments were subsequently made:
 4) The plaintiff did not pay to the defendant the rent for the condominium for the month of August 1997;
 5) From September 1. 1997 until April 30. 1998. the plaintiff continued to occupy the condominium on a month-to-month basis: CT Page 12157
 6) On April 30, 1998, the plaintiff's tenancy of the condominium terminated;
 7) On February 27. 1998, the defendant commenced a small claims action against the plaintiff for unpaid rent for the condominium from November 1, 1997 to February 28, 1998;
 8) In the small claims action the plaintiff claimed as a set-off, pursuant to § 47a-5, civil penalties of $20 per day for the period from January 11, 1998 through February 28, 1998. because the defendant did not then hold a certificate of occupancy for the condominium from the City of Meriden;
 9) By her decision of May 7, 1998, the magistrate who heard the small claims action entered judgment in that action in favor of the defendant in this case and against the plaintiff in this case, and the amount of that judgment reflected a credit in favor of the plaintiff in this case for civil penalties of $20 per day for the period from January 11, 1998 through February 28, 1998, pursuant to § 47a-5;
 10) Sometime before May 26, 1998, the plaintiff provided to the defendant her forwarding address;
 11) Exhibit 11, which appears to be a photocopy of a letter from the defendant to the plaintiff dated May 26, 1998, the last paragraph of which addresses the plaintiff's security deposit, was not sent by the defendant to the plaintiff; and,
 12) The defendant did not provide to the plaintiff, within 30 days after being notified of the plaintiff's forwarding address, either the money which he was then holding as her security deposit or a written statement itemizing any deductions from such security deposit, as required by § 47a-21 (d).
DISCUSSION
CT Page 12158 First Count
The defendant claims that the May 7, 1998 decision by the small claims magistrate bars the plaintiff's claim for double the amount of her security deposit under the doctrine of claim preclusion. That doctrine will apply only if the plaintiff's claim matured at an early enough time to have permitted her to have raised it in the small claims action.
Section 47a-21 (d)(2) allows a landlord 30 days after the termination of a tenancy in which to return or account for a tenant's security deposit, and the plaintiff's tenancy of the condominium terminated on April 30, 1998. Accordingly, when the magistrate issued her decision on May 7, 1998, the time during which the defendant could return or account for the plaintiff's security deposit had not run, so that the plaintiff's claim had not yet matured and could not have been asserted in the small claims action. Therefore, the plaintiff's claim relative to her security deposit is not barred by the doctrine of claim preclusion.
Because the defendant did not provide to the plaintiff her security deposit, or an accounting of it, the defendant is liable to the defendant for an amount equal to twice the sum of the security deposit and the interest which accrued on that deposit. From February 29, 1996 to April 30, 1998 (a period of 26 months), the defendant held $2,200 as a portion of the plaintiff's security deposit. In the absence of evidence concerning the deposit index referenced in § 47a-21 (i), the court applies the minimum rate of 1.5 % per annum provided for in that statute and concludes that interest of $71.50 had accrued on that $2,200 as of April 30, 1998. From July 26, 1997 through April 30, 1998, approximately eight months, the defendant held an additional $650 as part of the defendant's security deposit, and the court concludes that at the rate of 1.5% per annum, interest of $7.31 had accrued on that $650 as of April 30, 1998. Thus, the total security deposit held by the defendant as of April 30, 1998 was $2,850, and interest of $78.81 had then accrued on both portions of the security deposit, so that the sum of the plaintiff's security deposit and interest on that deposit was $2,928.81.
Second Count
Because the plaintiff's claim for civil penalties of $20 per day from October 1, 1997 through January 10, 1998 is directly related to her claim for the same type of civil penalties for the immediately succeeding period from January 11, 1998 through February 28, 1998 which was heard and decided in the small claims action, that claim is barred by the doctrine of claim preclusion. Isaac v. Truck Service, Inc., 253 Conn. 416, 420-21
(2000).
CT Page 12159 Counter Claim
Although the defendant filed a counterclaim in this action, that counterclaim was subsequently withdrawn.
CONCLUSION
Judgment is entered on the first count in favor of the plaintiff in the amount of $5,857.62 (twice $2,928.81), and judgment is entered on the second count in favor of the defendant.
Costs are awarded to the plaintiff.
G. Levine, J.