[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR EXCLUSIVE POSSESSION PENDENTE LITE
Pursuant to Connecticut General Statutes section 46b-83[1] and Connecticut Practice Book section 25-25[2] the court heard evidence concerning the plaintiff's pendente lite motion for exclusive possession of the marital home.
The plaintiff filed for dissolution of her marriage on April 11, 2001. The plaintiff filed her first motion for exclusive possession of the CT Page 2726 marital home on July 2, 2001. After a hearing on the merits on July 19, 2001, the trial court, Sheedy, J., denied that request. On October 15, 2001 the plaintiff filed the instant, identical, motion.
The plaintiff suggested that there has been a "drastic change" in the marital residence since the date of her last motion. However, the evidence presented belies that contention. For example, the plaintiff maintained that there was a pattern of intimidation and harassment since the last court date but presented no credible evidence to support either claim.[3] Furthermore, the situation the plaintiff now proposes essentially existed at the time she filed her first motion for exclusive possession.[4] Although the plaintiff suggests that children have changed since the hearing on the first motion, the evidence presented does not support her speculation.[5]
What is apparent is that the essential evidence presented to this court was available at the time of the initial motion. The plaintiff confessed that she was at the initial hearing but chose not to present much of the evidence upon which she now relies. Although she acknowledged that the conduct was essentially identical, she stated that it became more "subtle" after July. Her decision not to raise these concerns in July prevents their relitigation.
"Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose."State v. Aillon, 189 Conn. 416, 423-424, 456 A.2d 279 (1983) (citations omitted).
"Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. . . . Furthermore, to invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding."R and R Pool Patio v. Zoning Board, 60 Conn. App. 82, 91-92,___ A.2d ___ (2000) (internal quotations and citations omitted). Both res judicata and collateral estoppel recognize the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest. Isaac v. Truck Services, Inc., 253 Conn. 416, 422, ___ A.2d ___
(2000). CT Page 2727
There was nothing tentative or conditional about Judge Sheedy's ruling on plaintiff's first motion for exclusive possession. The present claim is identical. The evidence was or should have been available at the initial hearing. Plaintiff admits she chose not to present much of the evidence upon which she now relies. She suggests that she was not aware of the significance of those facts until after the July hearing.
Recognizing that multiple motions for exclusive possession are not necessarily precluded, the present claim relies on the same facts available in July. The plaintiff has merely supplemented the facts with her subjective perceptions. "This slight shift in evidentiary basis and substantive theory of law does not constitute a new claim. . . . That identical grounds for relief may be supported by different factual allegations or different legal arguments or couched in different language renders those grounds no less identical." State v. Aillon,189 Conn. at 426-7 (citations omitted).[6]
This court cannot sit as an appellate court reviewing the propriety of earlier ruling. There is no valid reason why the plaintiff did not present her evidence at the July hearing. The motion for exclusive possession is, therefore, denied.
DEWEY, J.