[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #113 MOTION TO DISMISS
The Petitioner brings this action by way of a Second Amended Petition that was filed on April 18, 2002. He alleges that on July 31, 1998 he was sentenced to fifty-five (55) years for a conviction of murder and arson. The Petitioner further alleges that he was represented by William Gerace, Esquire up to the time of his trial, but on the eve of trial Attorney Gerace was permitted to withdraw his appearance and the Petitioner was given standby counsel and represented himself for all of the trial proceedings.
The Petitioner alleges that at the time of trial the correctional facility where he was being held did not have adequate resources to aid him in the preparation of his trail. Petitioner requested a transfer to a facility that had the resources that he sought and said transfer was granted. The Petitioner further alleges that subsequent to the granting of his request the Commissioner of Corrections requested that the order of the transfer be reversed based on hardship to the Department of Corrections. The Court reversed the transfer and placed the Petitioner in a facility that he asserts was not adequate for his trial preparation.
In the Second Count of his Petition, the Petitioner alleges that the Trial Court did not comply with the Practice Book provisions for allowing his trial counsel to withdraw his appearance. The Petitioner further alleges that the decision to grant the Motion to Withdraw was done without adequate notice to the Petitioner and without "proper articulation" by the Court.
The Petitioner asserts that the granting of the Motion to Withdraw deprived him of his rights pursuant to theSixth Amendment of the Constitution of the United States
and Article I, Section8 of the Connecticut Constitution.
The Petitioner alleges in his Petition that he appealed his conviction CT Page 15328-be and the issues concerning access to a law library and the granting of the Motion to Withdraw to the Connecticut Supreme Court.[1]
In State v. Fernandez, 254 Conn. 637 (2000), our state Supreme Court stated as follows about the appeal filed by the Petitioner:
 The defendant first claims that the trial court, Espinosa, J., abused its discretion in granting Gerace's motion to withdraw. The defendant further claims that the trial court, Espinosa, J., failed to comply with Practice Book (1978-1997) § 632 by: (1) allowing Gerace to withdraw notwithstanding the fact that he had not filed a written motion requesting permission to withdraw; and (2) failing to assert with any degree of specificity good cause in support of its decision to grant Gerace's oral motion to withdraw. The defendant argues that, as a result of the court's alleged failure to comply with Practice Book (1978-1997) § 632, he was deprived of his right to counsel under article first, § 8, of the constitution of Connecticut and under the sixth and fourteenth amendments to the United States constitution. Consequently, the defendant argues that the trial court's judgment of conviction should be reversed. The state argues that any violation of the rules of practice led only to harmless error and that the defendant was not deprived of his right to counsel. We conclude that: (1) the trial court, Espinosa, J., did not abuse its discretion in granting Gerace's motion to withdraw; and (2) although the trial court, Espinosa, J., violated Practice Book (1978-1997) § 632 in failing to require Gerace to file a written motion to withdraw, the defendant suffered no harm from that Practice Book violation, and, consequently, the defendant was not deprived of his constitutional right to counsel. (Footnotes omitted)
Id at 647.
 . . . [A] criminal defendant who knowingly and intelligently waives the right to counsel and who has been appointed standby counsel is not constitutionally entitled to access to a law library. Rather, the appointment of standby counsel CT Page 15328-bf satisfies the state's obligation to provide the defendant with access to the courts. We also clarify that the role of standby counsel is essentially to be present with the defendant in court and to supply the limited assistance provided for in Practice Book § 44-5, [25] the provision governing the function of standby counsel. We further clarify that standby counsel does not, however, have any obligation to perform legal research for the defendant.
The judgment is affirmed.
Id at 658.
The Fernandez case involves the Petitioner in the instant action and in fact is the appeal that the Petitioner mentions in Count One, Paragraph 5 of the Petition.
On April 26, 2002, the Respondent filed a Motion to Dismiss the instant action for reason that it is barred by the doctrines of res judicata and collateral estoppel.
Witczak v. Gerald, 69 Conn. App. 106, 108 (2002).
Section 23-29 of the Connecticut Practice Book concerns dismissals of habeas corpus actions. This section provides that:
 The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:
(1) the court lacks jurisdiction;
 (2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted;
 (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition;
 (4) the claims asserted in the petition are moot or CT Page 15328-bg premature;
 (5) any other legally sufficient ground for dismissal of the petition exists.
Whereas the respondent seeks to have this matter dismissed the instant petition under the principles of res judicata and collateral estoppel a discussion of said doctrines is necessary.
 The principles underlying the doctrine of res judicata, or claim preclusion, are well settled. "[A] valid, final judgment rendered on the merits by a court of competent jurisdiction is an absolute bar to a subsequent action between the same parties, or those in privity with them, upon the same claim or demand. Slattery v. Maykut, 176 Conn. 147, 156-57, 405 A.2d 76 (1978). Furthermore, the doctrine of claim preclusion . . . bars not only subsequent relitigation of a claim previously asserted, but subsequent relitigation of any claims relating to the same cause of action which were actually made or which might have been made." (Emphasis added; internal quotation marks omitted.) Isaac v. Truck Service, Inc., 253 Conn. 416, 420-21, 752 A.2d 509
(2000).
 Gaynor v. Payne, 261 Conn. 585, 595 (2002).
As for the doctrine of collateral estoppel:
 "Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. . . ." Virgo v. Lyons, 209 Conn. 497, 501, 551 A.2d 1243 (1988); see also Ashe v. Swenson, 397 U.S. 436, 445, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); State v. Hope, 215 Conn. 570, 584, 577 A.2d 1000 (1990), cert. denied, 498 U.S. 1089, 111 S.Ct. 968, 112 L.Ed.2d CT Page 15328-bh 1054 (1991).
 "An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . 1 Restatement (Second), Judgments § 27, comment (d) (1982). An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. . . . If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action." (Citations omitted; emphasis in original; internal quotation marks omitted.) Lafayette v. General Dynamics Corp., 255 Conn. 762, 772-73, 770 A.2d 1 (2001), quoting Jackson v. R. G. Whipple, Inc., 225 Conn. 705, 714-15, 627 A.2d 374
(1993); see Gladysz v. Planning Zoning Commission, 256 Conn. 249, 260-61, ___ A.2d ___
(2001).
 RR Pool Patio v. Zoning Board of Appeals, 257 Conn. 456, 466 (2001).
The Petitioner's exact language concerning his grounds for habeas relief is as follows:
 6. That the Petitioner recognized at the time of trial that the Correctional facility has (sic) was being held did not have resources to prepare for his trial.
 7. That the Petitioner requested and was granted a transfer to another facility in order to prepare for trial.
 8. That the commissioner of corrections requested that the order to transfer be reversed based on hardship to corrections and placement of others similarly situated.
 9. That the court reversed its decision and transferred the Petitioner back to a faculty (sic) that did not have resources to enable the Petitioner to prepare for his trial.
CT Page 15328-bi
 10. That petitioner appealed this issue and argued he was prevented from adequately preparing for his trial . . .
 COUNT TWO
 2. That the trial Court did not comply with the Connecticut Practice Book provision allowing counsel to withdraw his appearance.
 3. That the decision allowing Petitioner's privately retained counsel was done without adequate notice to the defendant and without a proper articulation by the court as to its decision.
 4. That this decision effectively denied the defendant the right to be represented by counsel, when it allowed defendants (sic) privately retained counsel to withdraw from the case in violation of the Sixth Amendment and The (sic) Connecticut Constitution at Article I, Section 8.
5. That this issue was appealed . . .
(emphasis added)
See Second Amended Complaint.
The issues raised by the Petitioner in his Second Amended Petition are the exact same issues that were discussed and ruled upon by the Connecticut Supreme Court in State v. Fernandez, Id, i.e., the Petitioner's appeal of his conviction. Whereas a Court of competent jurisdiction has already ruled upon the exact same issues that the Petitioner now brings before this Court, the instant action is barred by the doctrine of res judicata.
The Respondent's Motion to Dismiss the Petition is granted.
 ___________________ Richard A. Robinson November 26, 2002