10-2579-cv
Ross v. New Canaan Envtl. Comm'n

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of May two thousand eleven.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

---

CHRISTINA ROSS,
> *Plaintiff-Appellant,*

v.                                      No. 10-2579-cv

NEW CANAAN ENVIRONMENTAL COMMISSION,
> *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:        JOHN R. WILLIAMS, New Haven, Connecticut.

FOR DEFENDANT-APPELLEE:         ANTHONY B. CORLETO, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Stamford, Connecticut.

Appeal from a judgment of the United States District Court for the District of

Connecticut (Dorsey, *J.*). Because the relevant law of the State of Connecticut regarding the

1

doctrine of res judicata is clear in the circumstances presented by this case, we are proceeding by summary order. Thus, **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Plaintiff-Appellant Christina Ross appeals from the June 10, 2010, judgment of the United States District Court for the District of Connecticut dismissing her complaint as barred by the doctrine of res judicata. *See Ross v. New Canaan Envtl. Comm'n*, No. 09 Civ. 01966, 2010 U.S. Dist. LEXIS 56403 (D. Conn. June 8, 2010). On appeal, plaintiff argues that res judicata does not apply to her case because Connecticut law does not permit a party in a statutory land use appeal to assert a claim for money damages in the same action. We assume the parties' familiarity with the facts and procedural history of the case.

In considering the preclusive effect of a state court judgment on a subsequent federal action, under the Full Faith and Credit Act, 28 U.S.C. § 1738, we consult the preclusion laws of the state in which the judgment was issued. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). The question before us, therefore, is whether Connecticut courts would give claim preclusive effect to the Connecticut Superior Court's denial of plaintiff's administrative appeal, brought pursuant to Conn. Gen Stat. § 22a-43, and thus bar litigation of her federal substantive due process and equal protection claims ("constitutional claims"). Reviewing the district court's dismissal *de novo*, *Hoblock v. Albany Cnty. Bd. of Elections,* 422 F.3d 77, 93 (2d Cir. 2005), we conclude that Connecticut courts would not apply the doctrine of res judicata in this context. We thus vacate the district court's judgment dismissing plaintiff's claims.

2

Res judicata precludes the splitting of actions that could be brought and resolved together. *See generally* Restatement (Second) of Judgments § 24. In Connecticut, the doctrine of res judicata, or claim preclusion, "bars not only subsequent relitigation of a claim previously asserted, but subsequent relitigation of any claims relating to the same cause of action which were actually made or which might have been made." *Isaac v. Truck Serv., Inc.*, 253 Conn. 416, 421 (2000) (internal quotation marks omitted). "The appropriate inquiry with respect to claim preclusion is whether the party had an adequate opportunity to litigate the matter in the earlier proceeding." *Conn. Nat'l Bank v. Rytman*, 241 Conn. 24, 44 (1997) (brackets and internal quotation marks omitted).

In determining the nature of a cause of action for these purposes, Connecticut courts have long applied the transactional test under the Restatement (Second) of Judgments. *See, e.g.*, *Lighthouse Landings, Inc. v. Conn. Light & Power Co.*, 300 Conn. 325, 348-49 (2011). Section 24 of the Restatement provides that "[t]he claim [that is] extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Restatement (Second) of Judgments § 24; *see also Duhaime v. Am. Reserve Life Ins. Co.*, 200 Conn. 360, 365 (1986) (analyzing the "group of facts which is claimed to have brought about an unlawful injury to the plaintiff" and noting that "even though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action" (brackets and internal quotation marks omitted)). The district court ostensibly relied on this aspect of Connecticut's res judicata jurisprudence in support of its conclusion that the doctrine barred plaintiff's constitutional claims. Such reliance, however, overlooks an exception.

Section 26(1)(c) of the Restatement excepts from the rule against splitting an action the circumstances in which

> [t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief. . . .

This Restatement provision has been adopted as the law of Connecticut. *See Conn. Water Co. v. Beausoleil*, 204 Conn. 38, 48 (1987) (recognizing an exception to res judicata for later actions that assert claims or seek relief that could not have been pressed or recovered in the prior proceeding); *see also Szcapa v. United Parcel Servs., Inc.*, No. CV 000802134, 2002 Conn. Super. LEXIS 2328, at *8 (Conn. Super. Ct. July 19, 2002) (stating "[i]f the plaintiff was unable to rely on a specific theory or to seek a specific relief or remedy because of formal barriers in a prior proceeding, . . . he may bring the same claim in a subsequent proceeding").

Additionally, we note the Connecticut Supreme Court has explained that "doctrines of preclusion . . . should be flexible and must give way when their mechanical application would frustrate other social policies based on values equally or more important than the convenience afforded by finality in legal controversies." *Conn. Light & Power Co.*, 300 Conn. at 345 (internal quotation marks omitted). Under this principle, that Court has recognized exceptions to the general policy favoring application of the doctrines of res judicata and collateral estoppel. *See, e.g.*, *Truck Serv., Inc.*, 253 Conn. at 422, 429 (preclusion doctrines do not bar a plaintiff from bringing a subsequent personal injury action after having litigated to judgment a property damage claim in small claims court, even though both the small claims and the personal injury actions were predicated on the same events). In the specific context of administrative appeals,

4

the Connecticut Supreme Court in *Cumberland Farms, Inc. v. Town of Groton*, 262 Conn. 45 (2002), held that the plaintiff should not have been precluded by the doctrine of collateral estoppel from relitigating any issue relating to its constitutional takings claim that may have been decided by the zoning board in the course of the plaintiff's administrative efforts to obtain a zoning variance. *Id.* at 62. It premised this holding "primarily on the nature of the right that the plaintiff seeks to vindicate through its inverse condemnation claim and the particular administrative context in which the [zoning] board made its findings in denying the plaintiff's variance application." *Id.*

Applying Connecticut's precedents to the res judicata analysis here, we hold that the Superior Court's denial of plaintiff's administrative appeal does not have a claim preclusive effect on plaintiff's subsequent filing in the district court of a complaint seeking compensation for alleged constitutional violations. Notwithstanding that plaintiff's federal claims rely on the same facts as were presented in the administrative proceedings that were before the Superior Court, in her federal complaint she submits that she suffered both financial and psychological damages as a proximate result of defendant's constitutional torts—specifically, legal fees from her state court proceedings and losses resulting from the delay in construction as well as stress, anxiety, and emotional pain. Under Connecticut law the Superior Court cannot award a monetary remedy in an administrative appeal. *See Cumberland Farms, Inc.*, 262 Conn. at 63 ("[N]o monetary remedy is available in an administrative appeal."); *Ross v. Envtl. Prot. Comm'n*, No. CV 084045017S, 2009 Conn. Super. LEXIS 1311, at *7 (Conn. Super. Ct. May 8, 2009) ("An administrative appeal [pursuant to Conn. Gen. Stat. §§ 8-8 and 22a-43] cannot provide a monetary remedy to the plaintiff."). As a consequence, a party to an administrative

5

appeal is not barred from later filing an original action in the Superior Court seeking monetary damages. *See Beausoleil*, 204 Conn. at 48 (citing section 26(1)(c) of the Restatement in support of its holding that plaintiff was not precluded by the doctrine of res judicata from bringing a subsequent court action for damages against the defendant after having intervened in an administrative enforcement proceeding in Superior Court).

Indeed, in *Cumberland Farms, Inc.*, the Connecticut Supreme Court came to just this conclusion with respect to an administrative appeal from a zoning board decision brought pursuant to Conn. Gen. Stat. § 8-8. While the decision primarily addressed the issue-preclusive effect of any factual findings made by the zoning board in the case, the Court also noted that the plaintiff had not raised its constitutionally grounded inverse condemnation claim in its administrative appeal from the zoning board decision. The Court, acknowledging that it had previously indicated in dictum that claim preclusion would bar a plaintiff from bringing in a subsequent suit a takings claim not raised in an initial administrative appeal, expressly disclaimed this suggestion, concluding instead that "in light of the significant differences between an inverse condemnation action and an administrative appeal from an adverse decision of a zoning board, we see no reason why a property owner who wishes to pursue both of those separate and independent legal avenues should be required to seek a consolidation of both actions." *Cumberland Farms, Inc.*, 262 Conn. at 68 n.26. We similarly fail to see why the minor distinctions between this case and *Cumberland Farms, Inc.*—with this case involving an appeal from the decision of an inland wetlands commission rather than a zoning board and substantive due process and equal protection claims rather than a takings claim—would alter the application

6

of res judicata under Connecticut law.  We conclude that Connecticut would not apply res judicata in a way that would limit the relief available to plaintiff in this case.

The defendant has not argued on appeal that there are alternative bases on which to affirm the district court's judgment.  We therefore do not consider any other arguments made below.  The judgment of the district court is **VACATED**, and the case is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk